## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MARY ROSS HAIGH,

     Plaintiff,

v.                                Case No. 4:25-cv-84-MW/MJF

TRULIEVE INC.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action.

### BACKGROUND

On April 6, 2026, the undersigned ordered Plaintiff to file a response to Defendant's motion to dismiss. Doc. 32. The undersigned imposed a compliance deadline of April 27, 2026, and warned Plaintiff that her failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On May 11, 2026, the undersigned ordered Plaintiff to show cause for her failure to comply with the undersigned's order of April 6, 2026. Doc. 33. The undersigned imposed a compliance deadline of May 26,

2026, and again warned Plaintiff that a failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Plaintiff has failed to comply with two court orders and has failed to prosecute this action. Plaintiff has offered no excuse for her failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>9th</u> day of June 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**